IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00018-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HUMZAH MASHKOOR,

        Defendant.

## GOVERNMENT'S UNOPPOSED MOTION FOR ADDITIONAL CONDITIONS RELATED TO PRETRIAL RELEASE

On January 13, 2025, Magistrate Judge N. Reid Neureiter granted the defendant's motion to reopen detention and granted the defendant's release on pretrial conditions to Raleigh House. *See* ECF No. 87. The matter is now set for a bond release hearing on January 16, 2025, at which time the government understands the defendant will be released on conditions of pretrial supervision that include inpatient treatment at Raleigh House, GPS monitoring, and a prohibition on internet access. As discussed more fully below, the government requests that, at the bond release hearing, the Court also order that: (1) the defendant shall not possess any devices with internet-access capabilities; and (2) the U.S. Probation Office advise Raleigh House of the conditions of release to ensure the defendant's compliance. The government has conferred with defense counsel, who does not oppose this request.

The government maintains its objection to the defendant's release on conditions—whether to Raleigh House or to his parents' home—on the basis that the

1

defendant poses both a flight risk and a risk to community safety. Understanding, however, the Court's decision to release the defendant to Raleigh House, the government is now focused on attempting to protect the community as much as possible. One critical component of that is ensuring that the defendant not access the internet. As Dr. Sperry testified on January 13, 2025, the defendant's access to the internet fueled his obsession with ISIS and contributed to his radicalization that resulted in the criminal charge in this case. Even the defendant's proposed conditions included that the defendant shall not access the internet. *See* ECF No. 59-1.

An important aspect to ensuring that the defendant does not access the internet is to prohibit him from possessing internet-capable devices. Indeed, the supervising pretrial officer has advised the government that the U.S. Probation Office does not, as a matter of course, monitor a defendant's access to internet-capable devices in connection with pretrial supervision. Accordingly, if the defendant is allowed to possess internet-capable devices, there will be no way to monitor his compliance with the defense-proposed condition that prohibits him from accessing the internet.

Moreover, to the extent the Court expressed concern about the defendant's ability to contact his family while residing at Raleigh House, the requested prohibition on possessing internet-capable devices would not preclude the defendant from possessing a non-smart phone (*i.e.*, a flip phone) or using a landline in the facility. Defense counsel has represented to the government that she anticipates the defendant will use a landline to call his family from the facility. Should the Court require further information about the defendant's ability to possess or use such means of communication at Raleigh House,

the government respectfully requests that the Court seek additional information from the U.S. Probation Office in advance of the January 16, 2025 hearing.

The government further requests that the Court order that the U.S. Probation Office advise Raleigh House of the conditions of the defendant's pretrial release. Ensuring that the staff at Raleigh House is aware of those conditions and can advise the supervising pretrial officer of any concerns or violations will add another crucial layer of protection for the community. The government understands from defense counsel that the defendant and Raleigh House intend to sign a release so that Raleigh House may provide reports to the U.S. Probation Office.

Respectfully submitted this 15th day of January, 2025.

          MATTHEW T. KIRSCH
          Acting United States Attorney

          *s/ Laura Cramer-Babycz*
          Laura Cramer-Babycz
          Assistant United States Attorney
          United States Attorney's Office
          1801 California St., Ste. 1600
          Denver, CO 80202
          Telephone: 303-454-0100
          Fax:  303-454-0406
          E-mail:  laura.cramer-babycz@usdoj.gov
          Attorney for Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of January, 2025, I electronically filed the foregoing **MOTION FOR ADDITIONAL CONDITIONS RELATED TO PRETRIAL RELEASE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for the above-named Defendant.

      *s/Laura Cramer-Babycz*
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100

4